IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK06-41423 |
| | ) | |
| JAMES RAY BEHRENDT, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held on November 20, 2006, on a motion for relief from stay filed by Town & Country Bank (Fil. #9) and the resistance by Debtor (Fil. #18), and on December 6, 2006, on the motion to dismiss filed by Town & Country Bank (Fil. #11) and the resistance by Debtor (Fil. #20). Victor E. Covalt appeared for Town & Country Bank and Gene T. Oglesby appeared for Debtor.

      On December 9, 2004, Debtor filed a Chapter 12 proceeding in this Court (Case No. BK04-44301). Debtor was unable to confirm a plan despite three attempts. On August 31, 2006, on the motion of Town & Country Bank, Chief Judge Timothy J. Mahoney entered an order dismissing Debtor's Chapter 12 proceeding for cause, including unreasonable delay by Debtor that is prejudicial to creditors pursuant to 11 U.S.C. § 1208(c)(1). In its motion to dismiss the Chapter 12 proceeding, Town & Country Bank specifically asked for a determination that Debtor cannot file for at least 180 days as required 11 U.S.C. § 109(g)(1)[1]. In dismissing the case, Judge Mahoney specifically noted:

> There have been numerous motions to dismiss filed because the debtor failed to comply with procedural rules, failed to file tax returns on a timely basis, failed to file plans on a timely basis, and now on the basis that the creditors have been unduly prejudiced by the delay. It is a fact that the creditors have been unduly prejudiced. Post-petition interest has accrued on fully secured liens in an amount approaching $50,000. No payments have been made for at least two years and the debtor has nothing to show for two years of "operations."

Order of Aug. 31, 2006, at 1 (Fil. #125).

      The Court then stated: "The motion is granted." *Id.* at 2. Although the order did not specifically bar refiling under 11 U.S.C. § 109(g)(1), it did grant the motion requesting such a bar.

---

[1] 11 U.S.C. §109(g)(1) states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if —
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case * * *.

However, as discussed below, it is not necessary to decide whether the case should be dismissed at this time.

As indicated previously, the creditor also filed a motion for relief from stay (Fil. #9). Prior to the bankruptcy filing, the creditor had scheduled a trustee's sale for October 24, 2006, under its deed of trust encumbering Debtor's real property. This Chapter 7 proceeding was filed on October 23, 2006. The creditor and its foreclosure attorneys were not aware of this new filing and proceeded with the trustee's sale. A third party was the successful purchaser at the sale for $365,901.00, which amount satisfied the liens of Town & Country Bank and Farm Service Agency. As a result of such sale, the property remained encumbered by unpaid real estate taxes for 2005 of approximately $17,600.00 plus interest, and taxes (presumably in a similar amount) due for 2006. In addition, the sale did not satisfy a judgment lien in the approximate amount of $23,000.00, and a judgment lien for child support in an undetermined amount.

In its motion for relief, Town & Country Bank prays that the automatic stay be annulled, the pre-petition foreclosure sale be ratified, and that the proceeds of the sale be distributed to the creditors entitled thereto. Debtor argues that the market value of the property may be worth as much as $415,000.00 (Fil. ##19 and 21), but does not indicate that anyone has ever offered that much for the property. Debtor also submitted an affidavit of his brother (Fil. #24) indicating that he would buy the property at a private sale for $390,000.00. After payment of real estate taxes, as would be expected in a private sale, the net proceeds of such a sale would not be materially different from those received at the foreclosure sale. Therefore, selling the property to Debtor's brother would not appear to provide any benefit to the bankruptcy estate or to creditors. It is noteworthy that neither the Chapter 7 Trustee nor the judgment lien creditors objected to the relief requested by Town & Country Bank. Also, Debtor does not assert any irregularity with the foreclosure process.

Bankruptcy courts have the power to annul an automatic stay retroactively for cause under 11 U.S.C. § 362(d)(1) to rehabilitate stay violations. *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 329 F.3d 948, 951-52 (8th Cir. 2003).

Debtor clearly was aware of Town & Country Bank's scheduled foreclosure sale on October 24, 2006, but failed to notify Town & Country Bank of the filing of this Chapter 7 proceeding on October 23, 2006. Thus, while the sale was technically a violation of the automatic stay, it certainly was not intentional. Further, there is no evidence that requiring the creditor to proceed again with notice and sale would produce any greater price than was obtained, nor is there any evidence that a new sale would produce a benefit to the bankruptcy estate. Accordingly, cause exists under 11 U.S.C. § 362(d)(1) to annul the automatic stay that arose upon filing of this proceeding and to ratify the trustee's sale conducted by the creditor's attorneys on October 24, 2006.

As discussed above, Town & Country Bank also has a compelling argument that this case should be dismissed due to Debtor being ineligible under 11 U.S.C. § 109(g)(1). However, since Town & Country Bank is getting relief from stay as it requested, and since its loan is satisfied in full as a result of the foreclosure, it is likely no longer concerned with whether this case is dismissed.

No other creditor has asked for dismissal as of this date.  It is not necessary to consider the motion to dismiss at this time, therefore, it will be denied.

 IT IS ORDERED:

 1. The motion for relief from stay filed by Town & Country Bank (Fil. #9) is granted, the automatic stay arising from the filing of this proceeding is annulled, and the foreclosure sale conducted by Town & Country Bank on October 24, 2006, is ratified as to the real property of Debtor as described in Town & Country Bank's motion.  Town & Country Bank is entitled to accept the proceeds of such sale and to distribute the same in accordance with Nebraska law; and

 2. The motion to dismiss filed by creditor Town & Country Bank (Fil. #11) is denied.

 DATED:  December 7, 2006.

       BY THE COURT:

       /s/ Thomas L. Saladino
       United States Bankruptcy Judge

Notice given by the Court to:
 *Victor E. Covalt
 Gene T. Oglesby
 John A. Wolf
 U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.