IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41423 |
| | ) | |
| JAMES RAY BEHRENDT, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on February 21, 2007, on a motion to dismiss filed by creditor Donald Behrendt (Fil. #36), and an objection by Debtor (Fil. #46). Gene T. Oglesby appeared for Debtor, and John Hahn appeared for Donald Behrendt.

On December 9, 2004, Debtor filed a Chapter 12 proceeding in this Court (Case No. BK04-44301). Debtor was unable to confirm a plan despite three attempts. On August 31, 2006, on the motion of Town & Country Bank, Chief Judge Timothy J. Mahoney entered an order dismissing Debtor's Chapter 12 proceeding for cause, including unreasonable delay by Debtor that is prejudicial to creditors pursuant to 11 U.S.C. § 1208(c)(1). In its motion to dismiss the Chapter 12 proceeding, Town & Country Bank asked for a determination that Debtor cannot file for at least 180 days pursuant to 11 U.S.C. § 109(g)(1).[1] In dismissing the case, Judge Mahoney specifically noted:

> There have been numerous motions to dismiss filed because the debtor failed to comply with procedural rules, failed to file tax returns on a timely basis, failed to file plans on a timely basis, and now on the basis that the creditors have been unduly prejudiced by the delay. It is a fact that the creditors have been unduly prejudiced. Post-petition interest has accrued on fully secured liens in an amount approaching $50,000. No payments have been made for at least two years and the debtor has nothing to show for two years of "operations."

Order of Aug. 31, 2006, at 1 (Fil. #125).

Judge Mahoney's order did not specifically include a bar against refiling within 180 days pursuant to 11 U.S.C. § 109(g)(1) as the bank had requested.

---

[1] 11 U.S.C. §109(g)(1) states:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if —
(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case * * *.

On October 23, 2006, Debtor filed this Chapter 7 proceeding. Town & Country Bank was unaware of the bankruptcy filing and proceeded with a trustee's sale of Debtor's real estate on October 24, 2006. A third party was the successful purchaser at the sale. Upon learning of the new bankruptcy filing, Town & Country Bank filed a motion asking that the automatic stay be annulled and that the post-petition foreclosure sale be ratified. Town & Country Bank also asked that the case be dismissed because Debtor is not eligible under 11 U.S.C. § 109(g).

By order dated December 7, 2006, this Court granted Town & Country Bank's motion for relief, annulled the automatic stay, and ratified the trustee's sale that took place post-petition. With respect to Town & Country Bank's motion to dismiss, the order said:

> As discussed above, Town & Country Bank also has a compelling argument that this case should be dismissed due to Debtor being ineligible under 11 U.S.C. § 109(g)(1). However, since Town & Country Bank is getting relief from stay as it requested, and since its loan is satisfied in full as a result of the foreclosure, it is likely no longer concerned with whether this case is dismissed. No other creditor has asked for dismissal as of this date. It is not necessary to consider the motion to dismiss at this time, therefore, it will be denied.

Over a month later, Donald Behrendt filed his motion to dismiss herein. Donald Behrendt is a creditor holding a judgment against Debtor. His judgment lien against the real property of Debtor was eliminated by Town & Country Bank's foreclosure. Subsequently, on January 23, 2007, the Chapter 7 Trustee filed his notice of intent to claim Debtor's nonexempt equity in machinery and equipment for the benefit of the bankruptcy estate, having a scheduled value of approximately $85,000.00. According to Debtor's schedules, priority and general unsecured claims amount to approximately $39,000.00. As of the date of this order, proofs of claim for unsecured claims in the amount of $25,441.96 have been filed, including the claim of Donald Behrendt.

This Chapter 7 case has progressed to a point where the Chapter 7 Trustee has claimed assets and it appears there will be, when all is said and done, a substantial return to unsecured creditors under an orderly liquidation. If the case is dismissed, the liquidation will not be orderly and the creditors will be left with the proverbial "race to the courthouse." Also, within a matter of days, more than 180 days will have lapsed since the August 31, 2006, dismissal of the Chapter 12 proceeding, and Debtor could potentially file again.[2]

Judge Mahoney's dismissal of the Chapter 12 proceeding was made pursuant to 11 U.S.C. § 1208(c)(1), and specifically for unreasonable delay by Debtor that is prejudicial to creditors. The order did not specifically bar refiling for 180 days as the moving party had requested. Therefore, even though the dismissal was clearly based on unreasonable delay, it is not clear from the dismissal order that it was for "*willful* failure of the debtor to abide by orders of the court, or to appear before

---

[2]Presumably, any such refiling would result in further litigation regarding the applicability and/or continuation of the automatic stay.

the court in proper prosecution of the case * * *" (emphasis added), which is a threshold element for ineligibility under 11 U.S.C. § 109(g).

Since the dismissal of the Chapter 12 proceeding does not clearly fall within the type of dismissal contemplated in 11 U.S.C. § 109(g), and since this case has progressed to the point where it appears creditors would best be served by allowing the Chapter 7 Trustee to continue with an orderly liquidation, the motion to dismiss is denied.

IT IS ORDERED: For the foregoing reasons, the motion to dismiss filed by Donald Behrendt (Fil. #36) is denied.

DATED: February 26, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *John Hahn
    Gene T. Oglesby
    John A. Wolf
    U.S. Trustee
    Barry Hemmerling

Movant(*) is responsible for giving notice to other parties if required by rule or statute.